# Miller & Chevalier

**Adam Feinberg**
Member
(202) 626-6087
AFeinberg@milchev.com

April 14, 2026

**VIA CM/ECF**

Molly C. Dwyer, Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
The James R. Browning Courthouse
95 7th Street
San Francisco, CA 94103

> Re:  *Alaska Airlines, Inc. v. Transportation Security Administration*, No. 25-954 & *Allegiant Travel Company v. Transportation Security Administration*, No. 25-960 (9th Cir. argument scheduled for Apr. 15, 2026)

Dear Ms. Dwyer:

Petitioners respond to TSA's Rule 28(j) letter regarding *Spirit Airlines, LLC v. TSA*, No. 25-10461 (11th Cir. Apr. 13, 2026).

Although the court correctly found "that the security fee required by subsection (a)(1) contemplates an active passenger," Op. at 6, it erred in reading subsection (e)(1)'s instruction that "'[a]ll fees imposed and *amounts collected* under this section are payable to [TSA]'" as meaning all "amounts collected" must be remitted to TSA. Op. at 7 (quoting 49 U.S.C. § 44940(e)(1)).

Subsection (e)(1) is an administrative provision merely identifying the payee for collected fees. As discussed in *Southwest Airlines Co. v. United States*, 777 F.Supp.3d 1318, 1327 (Ct. Int'l Trade 2025) – a decision the government did not appeal – provisions like subsection (e)(1) should not be read as authorizing fees beyond those required by subsection (a)(1).

Moreover, subsection (e)(1) applies only to funds that are *both* "fees imposed" *and* "amounts collected." Consider funds that are "fees imposed" but not "amounts collected"; they are payable by the passenger to the airline, not TSA. *See* 49 U.S.C. § 44940(e)(2). Similarly, subsection (e)(3) applies to "a *fee*

April 14, 2026
Page 2

collected" (not an "amount collected"), which signifies funds that are *both* fees imposed under subsection (a)(1) *and* collected under subsection (e)(2). If Congress intended fees to be remitted beyond what is stated in subsection (a)(1), it could have said that explicitly. Any doubts should be resolved against the government. *United States v. Merriam*, 263 U.S. 179, 188 (1923).

The court acknowledges a customer does not owe a fee if "he does not travel." Op. at 9. Yet, the court claims TSA can refund (or keep) that amount in its discretion, *id*. at 8-9, which would mean TSA has discretion to keep fee amounts for individuals who do not travel even if the airline issues a refund.

The court erred further by relying on TSA's 2002 guidance. Op. at 9. That guidance is not the law and DOT – not TSA – has regulatory authority over airline refunds. *See* Reply at 14 n.1. The parties' contracts call for credit as the form of refund, a point the court fails to address.

Sincerely,

/s/ Adam P. Feinberg

cc: Counsel of Record (via CM/ECF)